WO **JWB**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Rene Camacho, ) No. CV 07-0812-PHX-MHM (ECV)
)
    Plaintiff, ) **ORDER**
)
vs. )
)
James Jones, et al., )
)
    Defendants. )
_____)

Before the Court are Plaintiff's Motions to Halt Retaliation (Doc. ## 10, 14), Defendants' Responses (Doc. ## 12, 16), and Plaintiff's Replies thereto (Doc. ## 18, 23).[1] Also pending is Plaintiff's Motion for Relief on All Pleadings Dealing with Issues of Retaliation (Doc. # 28) and Defendants' Response (Doc. # 34). The Court will deny the motions.

**I.    Background**

Plaintiff filed this action on April 18, 2007, against Arizona Department of Corrections (ADC) officials Corrections Officer IV James Jones, Audrey Burke, Stacy Crabtree, Warden Ivan Bartos, and Director Dora Schriro (Doc. # 1 at 2). Plaintiff presented one claim for relief: that his due process rights were violated when he was reclassified as a

---

[1] Plaintiff's Replies were styled as "Motions to Strike" and were denied by Magistrate Judge Voss on September 20, 2007 (Doc. # 25). Thereafter, Plaintiff filed a "Motion to Treat Motions to Strike as Replies" (Doc. # 30). The Court will grant Plaintiff's motion to consider Document ## 18 and 23 as Replies in support of Plaintiff's motions for injunctive relief.

maximum security inmate (Doc. # 1).  Defendants were ordered to answer the Complaint (Doc. # 3).

## II. Plaintiff's Motions for Injunctive Relief

Plaintiff has filed two Motions to Halt Retaliation (Doc. ## 10, 14).  In these motions, Plaintiff alleges various acts of retaliatory conduct since Plaintiff filed this action. Specifically, Plaintiff claims in his first motion that (1) his legal materials have been taken away (Doc. # 10 at 2), (2) he has been transferred four times (id. at 3), (3) his property has been inspected after each transfer (id. at 4), (4) his visitation list was not sent with him upon his transfers (id. at 5), (5) he has experienced delays in accessing the prison library (id. at 7), (6) he has received retaliatory disciplinary actions (id. ), and (7) he was unable to see the parole board because of his retaliatory disciplinary actions (id. at 10).  In his second motion, Plaintiff presents various allegations regarding his "reclassification" as a maximum security inmate in July 2007 (Doc. # 14).

Defendants responded to both motions, arguing that(1) Plaintiff is seeking relief against individuals who are not parties to this action, (2) the Court does not have jurisdiction over Plaintiff's motions because they relate to matters not part of his Complaint, and (3) Plaintiff cannot establish a likelihood of success on the merits of his claims (Doc. ## 12, 16).

Plaintiff filed two "Motions to Strike," which will be considered as Replies (Doc. # 18, 23).  Plaintiff's Replies state that Defendants presented an insufficient defense to his retaliation claims, thereby admitting that the retaliation is occurring.  Plaintiff also presented argument related to the merits of his underlying due process claim.

## III. Legal Standard

The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim.  Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984).  When seeking injunctive relief the moving party must show either: "(1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in its favor."  Walczak v. EPL Prolong, Inc., 198

- 2 -

1 F.3d 725, 731 (9th Cir. 1999). These two formulations both operate as a sliding scale, 2 whereby a stronger showing of irreparable harm can compensate for a weaker likelihood of 3 success. See id.; United States v. Nutri-cology, Inc., 982 F.2d 394, 397 (9th Cir. 1992). 4 Under either test, the movant bears the burden of persuasion. Mattel, Inc. v. Greiner & 5 Hausser GmbH, 354 F.3d 857, 869 (9th Cir. 2003).

6 As a prerequisite to preliminary injunctive relief, a plaintiff must do more than allege 7 imminent harm sufficient to establish standing; he must also demonstrate immediate 8 threatened injury. Caribbean Marine Servs. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988). 9 In other words, a plaintiff must show a real or immediate threat; a likelihood of substantial 10 and immediate irreparable injury. Gomez v. Vernon, 255 F.3d 1118, 1129 (9th Cir. 2001) 11 (quotation and citation omitted). Speculative injury is not sufficient. Carribean Marine 12 Servs., 844 F.3d. at 674.

13 **IV.   Analysis**

14 With respect to the first prong, Plaintiff has not established a likelihood of success on 15 the merits of his claim. Indeed, Defendants correctly note that Plaintiff's claims of retaliation 16 are not levied against any named Defendant, nor do they relate to his underlying due process 17 claim. If Plaintiff is experiencing retaliatory conduct by ADC officials for filing the instant 18 lawsuit, he must exhaust the ADC's administrative grievance procedure. "A district court 19 should not issue an injunction when the injunction in question is not of the same character, 20 and deals with a matter lying wholly outside the issues in the suit." Kaimowitz v. Orlando, 21 Fla., 122 F.3d 41, 43 (11th Cir. 1997). The purpose of preliminary injunctive relief is to 22 preserve the status quo or to prevent irreparable injury pending the resolution of the 23 underlying claim on the merits. Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 24 1415, 1422 (9th Cir. 1984). Thus, the party seeking preliminary injunctive relief "must 25 necessarily establish a relationship between the injury claimed in the motion and the conduct 26 asserted in the complaint." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994). Here, 27 Plaintiff has presented a claim alleging violations of his due process rights when he was 28 reclassified as a maximum security inmate but his motion for injunctive relief deals with

issues of legal mail, visitation, transfers, phone calls, property searches, and subsequent reclassifications. For this reason alone, this claim fails to warrant injunctive relief.

Plaintiff has also failed to make the requisite showing of irreparable injury or that the balance of hardships tips in his favor. Indeed, Plaintiff has not alleged *any* irreparable injury. Consequently, Plaintiff's Motions to Halt Retaliation (Doc. ## 10, 14) will be denied and Plaintiff's Motion for Relief on All Pleadings Dealing with Issues of Retaliation (Doc. # 28) will be denied as moot.

**IT IS ORDERED** that:

(1) Plaintiff's Motions to Treat Motions to Strike as Replies (Doc. # 30) is **granted.**

(2) Plaintiff's Motions to Halt Retaliation (Doc. ## 10, 14) are **denied**.

(3) Plaintiff's Motion for Relief on All Pleadings Dealing with Issues of Retaliation (Doc. # 28) is **denied.**

DATED this 6th day of November, 2007.

_____
Mary H. Murguia
United States District Judge

- 4 -